UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21774-CIV-ALTONAGA/Goodman

**FLORENCIO ALVARENGA BARAHONA,**

    **Plaintiff,**
vs.

**OZZY'S CLEANING SERVICES, LLC,
SOHO BEACH HOUSE, LLC,
SANDRO L. GUERRA,**

    **Defendants.**
_____/

## DEFENDANT'S ANSWER AND DEFENSES

The Defendant, SOHO BEACH HOUSE, LLC ("Defendant Soho"), by and through its undersigned counsel, hereby files its Answer and Defenses to the Complaint filed by Plaintiff, Florencio Alvarenga Barahona ("the Plaintiff"), and states as follows:

1. Admitted that this is an action brought under the Fair Labor Standards Act ("FLSA"). Specifically denied Defendant Soho has violated the FLSA or any other law, or that the Plaintiff is entitled to any of the relief he seeks, whether on behalf of himself or of other alleged "similarly situated individuals."

2. Defendant is without knowledge of the Plaintiff's residence, therefore, denied.

3. Defendant is without knowledge of the first sentence, therefore, denied. The second sentence is denied.

4. The first sentence is admitted for jurisdictional purposes only. The second sentence is denied.

5. Admitted that Defendant Ozzy's Cleaning Services, LLC was responsible for paying Plaintiff his wages and controlled Plaintiff's work and schedule. Defendant Soho is without knowledge of the remaining allegations in this paragraph, and therefore, they are denied.

6. Admitted for venue purposes only.

### COUNT I:  FEDERAL OVERTIME WAGE VIOLATION

7. Denied.

8. Admitted for jurisdictional purposes only.  Denied Defendant Soho violated the FLSA or any other law or that there are similarly situated employees to Plaintiff.

9. The FLSA speaks for itself and thus no response is required to this allegation. To the extent a response is required, it is denied.

10. Denied Plaintiff worked for Defendant Soho or that Defendant Soho was Plaintiff's employer or joint employer pursuant to the FLSA.

11. Admitted only that the FLSA generally applies to Defendant Soho, however, denied Plaintiff worked for Defendant Soho or that Defendant Soho was Plaintiff's employer or joint employer.  Defendant Soho is without knowledge of the remaining allegations in this paragraph, and therefore, they are denied.

12. Admitted only that the FLSA generally applies to Defendant Soho, however, denied Plaintiff worked for Defendant Soho or that Defendant Soho was Plaintiff's employer or joint employer.  Defendant Soho is without knowledge of the remaining allegations in this paragraph, and therefore, they are denied.

13. Admitted that Defendant Soho had gross sales of over $500,000 for 2015 and 2016.  Defendant Soho is without knowledge of the remaining allegations in this paragraph, and therefore, they are denied.

14.     Admitted Defendant Soho had gross sales of $215,000 for the first three months of 2017, and is expected to exceed $500,000 for the year 2017. Defendant Soho is without knowledge of the remaining allegations in this paragraph, and therefore, they are denied.

15.     Denied.

16.     Denied.

17.     Defendant Soho is without knowledge, therefore, denied.

18.     Defendant Soho is without knowledge, therefore, denied. Specifically denied Plaintiff worked for Defendant Soho or that Defendant Soho was Plaintiff's employer or joint employer.

19.     Denied. Specifically denied Plaintiff worked for Defendant Soho or that Defendant Soho was Plaintiff's employer or joint employer.

## PRAYER FOR RELIEF

Any and all relief sought in the WHEREFORE clause is denied.

Admitted Plaintiff demands a trial by jury. All allegations in the Complaint not specifically admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant Soho asserts the following defenses and affirmative defenses to the Plaintiff's Complaint:

### First Defense

The Plaintiff's Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

### Second Defense

Defendant Soho was not the Plaintiff's employer or a joint employer pursuant to the FLSA.

## Third Defense

Without admitting Defendant Soho was the employer or a joint employer of the Plaintiff, the Plaintiff is only entitled to compensation for the time actually spent working; preliminary and post-liminary work is not compensable under the FLSA.

## Fourth Defense

The Plaintiff was compensated for all work performed.

## Fifth Defense

Without admitting that any violations of the FLSA have occurred, the de minimis rule applies to any such violations.

## Sixth Defense

All or part of the Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## Seventh Defense

The Plaintiff has failed and/or refused to mitigate his damages.

## Eighth Defense

Without admission of liability or wrongdoing, Defendant Soho states that, at all times, it acted in good faith and any act or omission complained of was in conformity with and in reliance on the administrative regulations, orders, rulings, approval, or the interpretation of the administrator of the Wage and Hour Division of the Department of Labor or any administrative practice or enforcement policy of that agency.

## Ninth Defense

Some or all of the Plaintiff's claims are barred by the doctrine of laches, waiver, fraud, payment, ratification, estoppel, and/or unclean hands.

### Tenth Defense

Without admitting Defendant Soho was the employer or a joint employer of the Plaintiff, the Plaintiff is estopped from bringing a cause of action, because, among other things, he accepted the denominated rate of pay, and/or failed to comply with the prevailing terms, conditions, policies, and procedures governing his employment.

### Eleventh Defense

Without admitting any wrongdoing or liability, Defendant Soho's actions were not willful violations of the FLSA.

### Twelfth Defense

Without admitting Defendant Soho was the employer or a joint employer of the Plaintiff, the Plaintiff's claims are barred in whole or in part because some or all work performed was completely voluntary in nature and without Defendant Soho's knowledge or authorization, was contrary to express instructions, was not required as a term or condition of his continued employment, and/or did not constitute compensable working time under the FLSA.

### Thirteenth Defense

At all times relevant, Defendant Soho acted, or failed to act, in good faith and in compliance with all applicable statutes and regulations, and it had reasonable grounds to believe that its actions, or its failures to act, did not violate the FLSA or any other law.

### Eighteenth Defense

A class or collective action is inappropriate because Plaintiff is not similarly situated to any other individual.

### Nineteenth Defense

Collective action is inappropriate for the claims brought by the Plaintiff due to the

5

individualized nature of Plaintiff's claims and factual circumstances.

## RESERVATION OF RIGHTS

Defendant Soho reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

Dated:  June 23, 2017

Respectfully submitted,

s/Joyce Ackerbaum Cox
Joyce Ackerbaum Cox, Esq.
Florida Bar No.:  0090451
E-mail: jacox@bakerlaw.com
Meagan L. Martin, Esq.
Florida Bar No.:  0089657
E-Mail:  mmartin@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 S. Orange Ave.
Orlando, Florida  32801
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168

**Attorneys for Defendant Soho Beach House, LLC**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Rivkah Jaff, Esq, | Danielle A. Cohen, Esq. |
| rivkah.jaff@gmail.com | dc@cohenlawpa.com |
| **J.H. ZIDELL, P.A.** | **COHEN LAW** |
| 300 71ST Street, Suite 605 | 2030 S. Douglas Road, Suite 204 |
| Miami Beach, Florida 33141 | Coral Gables, FL 33134 |
| Telephone: (305) 865-6766 | Telephone: (305) 967-7550 |
| Facsimile:  (305) 865-7167 | Facsimile:  (305) 547-9922 |
| | |
| Attorney for Plaintiff | Attorneys for Defendants Ozzy's Cleaning Services, LLC and Sandro L. Guerra |

　　　　　　　　　　　　　　　　　　　　s/Joyce Ackerbaum Cox
　　　　　　　　　　　　　　　　　　　　Joyce Ackerbaum Cox

610949166.1