UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21774-CIV-CMA

FLORENCIO ALVARENGA BARAHONA )
and all others similarly situated under 29 )
U.S.C. 216(B), )
　)
　　　　　Plaintiff, )
　vs. )
　)
OZZY'S CLEANING SERVICES, LLC, )
SOHO BEACH HOUSE, LLC, )
SANDRO L. GUERRA, )
　)
　　　　　Defendants. )
_____ )

**<u>JOINT NOTICE REGARDING PARTIES' SETTLEMENT AGREEMENT AND REQUEST FOR THE COURT TO RETAIN JURISDICTION</u>**

The Parties, Plaintiff, FLORENCIO ALVARENGA BARAHONA ("Plaintiff"), and Defendants, OZZY'S CLEANING SERVICES, LLC, SOHO BEACH HOUSE, LLC, and SANDRO L. GUERRA ("Defendants") (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their undersigned counsel, file this Joint Notice Regarding Parties' Settlement Agreement and Request for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in

order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

The parties stipulate they have reached a global settlement, and no compromise was involved in the settlement of Plaintiff's Fair Labor Standards Act claim. Accordingly, no judicial review of the settlement agreement is required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003); *See also Ramirez v. H&R Block Tax & Business Services, Inc.,* Case No.: 10-60288-CMA [DE47]. In the case at hand, Defendants, while making no admission of liability, have agreed to pay Plaintiff the full compensation of his claim along with compensation for his counsel's fees and costs incurred in the litigation. As such, Plaintiff received the total amount of his alleged damages and the liquidated amount, and the settlement does not require approval pursuant to *Lynn's Food.* In light of the offer of full relief to Plaintiff, this matter is moot, since there is no longer a case or controversy. *Mackenzie v. Kindred Hosps. E., L.L.C.,* 276 F. Supp. 2d 1211, 1214 (M.D. Fla. 2003); *see also Janllura et al. v. Acosta Tractors Inc., et al.,* Case No.: 10-23935-CIV-CMA [DE53].

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (2) retaining jurisdiction over enforcement of the settlement; and (3) denying as moot all pending motions.

Respectfully submitted this 2nd day of August, 2017.

| | |
|---|---|
| **J.H. ZIDELL, P.A.**<br>*Counsel for Plaintiff*<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br><br>By:/s/ Rivkah F. Jaff | **COHEN LAW**<br>*Attorneys for Defendants,* Ozzy's Cleaning Services, LLC, and Sandro L. Guerra<br>2030 S. Douglas Road, Suite 204<br>Coral Gables, FL 33134<br>Telephone: (305) 967-7550<br>Facsimile: (305) 967-7550<br><br>By:  /s/ Danielle A. Cohen<br>**DANIELLE ALICIA COHEN, ESQ.** |

**RIVKAH F. JAFF, ESQ.**
Fla. Bar No. 107511
Rivkah.Jaff@gmail.com

Florida Bar No.
dc@cohenlawpa.com

**BAKER & HOSTETLER**
*Attorneys for Defendant,* Soho Beach House, LLC
200 S Orange Avenue, Suite 2300
PO Box 112
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

BY:  /s/ Joyce Ackerbaum Cox
**JOYCE ACKERBAUM COX, ESQ.**
Florida Bar No. 0090451
jacox@bakerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-21774-CIV-CMA

FLORENCIO ALVARENGA BARAHONA )
and all others similarly situated under 29 )
U.S.C. 216(B), )
 )
        Plaintiff, )
vs. )
 )
OZZY'S CLEANING SERVICES, LLC, )
SOHO BEACH HOUSE, LLC, )
SANDRO L. GUERRA, )
 )
        Defendants. )
_____)

**ORDER REGARDING JOINT NOTICE REGARDING PARTIES' SETTLEMENT AGREEMENT AND REQUEST FOR THE COURT TO RETAIN JURISDICTION**

The parties stipulate they have reached a global settlement, and no compromise was involved in the settlement of Plaintiff's Fair Labor Standards Act claim. Accordingly, no judicial review of the settlement agreement is required. *See Mackenzie v. Kindred Hosp. E., L.L.C.,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003); *see also Ramirez v. H&R Block Tax & Business Services, Inc.,* Case No.: 10-60288-CMA [DE47]. It is therefore:

**ORDERED** and **ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case are DENIED as moot, and this case is CLOSED.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2017.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record