## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "Agreement") is entered into by and among OZZY'S CLEANING SERVICES, LLC, including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers, representatives, attorneys, and agents ("Ozzy's"), SOHO HOUSE BEACH HOUSE, LLC, including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers, representatives, attorneys, and agents ("Soho"), SANDRO L. GUERRA, including his heirs, representatives, attorneys, agents, insurers, successors, and assigns ("Guerra")(hereinafter collectively referred to as "Defendants"), and FLORENCIO ALVARENGA BARAHONA, including his heirs, representatives, attorneys, agents, insurers, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with or work at the Property of, or the separation of Plaintiff's employment or relationship with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993;
- 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;
- Chapter 760, Florida Statutes;
- The Florida Minimum Wage Act
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code; and

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiff and Defendants in the lawsuit styled *Florencio Alvarenga Barahona and all others similarly situated under 29 U.S.C. 216(b) v. Ozzy's Cleaning Services, LLC, Soho Beach House, LLC, and Sandro L. Guerra*, Case No.: 17-21774-CIV-CMA pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, agree to pay the total sum of Ten Thousand Five Hundred Dollars and 00/100 Cents ($10,500.00) (the "Settlement Funds"). The Settlement Funds shall be paid by Ozzy's in one gross check to the "Trust Account of J.H. Zidell, P.A." and shall be delivered by Ozzy's to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, within three days following the Court's approval of the settlement, provided Ozzy's counsel provides proof of Settlement Funds to Plaintiff's counsel prior to the Joint Motion for Approval referenced below being filed.

The Settlement Funds shall be allocated as follows:

i. Plaintiff shall receive the total amount of Four Thousand Seven Hundred and Eighty Dollars and 00/100 Cents ($4,780.00), of which Two Thousand Three Hundred and Forty Dollars and 00/100 Cents ($2,340.00) represents unpaid overtime wages; Two Thousand Three Hundred and Forty Dollars and 00/100 Cents ($2,340.00) represents alleged liquidated damages; and $100.00 for a mutual general release and the mutual promises exchanged herein.

ii. Plaintiff's Counsel shall receive the total amount of Five Thousand Seven Hundred and Twenty Dollars and 00/100 Cents ($5,720.00), of which Five Thousand One Hundred Fifty Dollars and 00/100 Cents ($5,150.00) represents attorneys' fees and Five Hundred Seventy Dollars and 00/100 Cents ($570.00) represents costs in this litigation.

Plaintiff's counsel has provided Ozzy's with its W-9 for the appropriate tax form to be issued.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and Proposed Order Dismissing this case with prejudice no later than five days following the execution of this Agreement by the Plaintiff. The Agreement shall not be filed under seal and/or for *in camera* review but rather shall be filed as an Exhibit attached to the Parties' Joint Motion for Approval.

2 of 8

F A B_ Florencio Alvarenga Barahona

S\_ Ozzy's Cleaning Services, LLC
P M_ Soho House Beach House, LLC
S L_ Sandro L. Guerra

3. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, owners, employees, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities, penalties, or obligations asserted, imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder as wages, including, without limitation, any taxing authority (including but not limited to the IRS), or any other person or entity, except as to any tax withholdings that Defendants could be found legally liable with regards to Plaintiff's entire employment period with the Defendants. This indemnification includes attorneys' fees and costs incurred by Defendants solely and exclusively as it relates to all monies received as wages and/or other compensation under this Agreement by Plaintiff. Further, Defendants Ozzy and Guerra shall indemnify Defendant Soho for any claims, damages, losses, liabilities, penalties, or obligations asserted, imposed and/or threatened against Defendant Soho with regard to any tax obligations for which Defendant Soho could be responsible or found liable arising out of Plaintiff's relationship with the Defendants. This indemnification by Defendants Ozzy and Guerra includes attorneys' fees and costs incurred by Defendant Soho.

4. **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this Agreement does not claim to be an expert in tax matters.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA, and expressly deny any and all such liability. Furthermore, Defendant Soho expressly maintains that it was not Plaintiff's employer or a joint employer as defined by the FLSA.

6. **Mutual Non Disparaging Remarks.** The Plaintiff, Guerra, the Corporate Officers and Managers of Ozzy's, and the Financial Controller of Soho, Luckie Mathias, agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

7. **Neutral Reference:** In the event that a prospective employer requests an employment reference for Plaintiff, the Parties agree that Defendant Ozzy's shall only provide the dates and position held by Plaintiff while working for or on the property of Defendants. Defendant Soho expressly maintains that it was not Plaintiff's employer or a joint employer as defined by the FLSA.

3 of 8

F A B Florencio Alvarenga Barahona

SL Ozzy's Cleaning Services, LLC
PM Soho House Beach House, LLC
SL Sandro L. Guerra

8. **Representation by the Parties.** The Parties represent that, as of the date that this Agreement is executed, they are not aware of any additional claims that they may have against any of the Released Parties and hereby the Parties certify that they have not filed any claim (except the Litigation released herein), and do not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to their employment, and/or involving Plaintiff's employment, other than claims to enforce this Agreement.

9. **No Re-Hire/No Reinstatement.** Plaintiff agrees to never seek or apply for employment and/or seek work with Defendants and/or a business managed by Defendants, including subsidiaries, joint ventures, and affiliates. Plaintiff further acknowledges that failure to hire or work with Plaintiff by any Defendant is a legitimate, nondiscriminatory and nonretaliatory action.

10. **Mutual Confidentiality.** By receipt of the Settlement Amount set forth above, the Plaintiff, Guerra, the Corporate Officers and Managers of Ozzy's, and the Financial Controller of Soho, Luckie Mathias, expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any other persons, with the exception of: (1) this Agreement may be used as evidence in any action relating to a breach of this Agreement; (2) for enforcement of this Agreement; (3) the Parties' respective counsel; (4) the Parties' respective Accountant(s) or those needed to process settlement checks; (5) for reporting to Taxing authorities; (6) the Parties' respective spouse(s); (7) or when otherwise required by law. If either Party is asked about the lawsuit, the Parties may only say "it has been resolved."

Should the Court strike the "Confidentiality" provision *sua sponte* for public policy reasons or any other reason, the Agreement is still binding and only the offending section shall be stricken.

This "Confidentiality" provision does not prohibit the Agreement from being attached as an Exhibit and filed along with the Joint Motion for Approval on CM/ECF and, in fact, the Parties have agreed that the Agreement shall be filed as an Exhibit on CM/ECF along with the Joint Motion for Approval. The Agreement shall not be filed under seal and/or for *in camera* review and nothing in this Agreement and/or "Confidentiality" provision should be interpreted as such.

11. **Right to Engage in Protected Activity.** Nothing in this Agreement prevents Plaintiff from filing a charge or complaint with, from participating in an investigation or proceeding conducted by, providing information to, or otherwise assisting the EEOC, NLRB,

4 of 8

F A B Florencio Alvarenga Barahona

SL Ozzy's Cleaning Services, LLC
LM Soho House Beach House, LLC
SG Sandro L. Guerra

SEC, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this Agreement Plaintiff is waiving rights to individual relief (including front pay, back pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by Plaintiff or on his behalf by any third party, except for any right Plaintiff may have to receive a payment from a government agency (and not the Defendants) for information provided to the government agency or otherwise prohibited.

12. **Compliance with Older Workers Benefit Protection Act.** Plaintiff being 40 years of age or older, is advised of and acknowledges the following:

>(A) **Twenty-One Day Consideration Period.** Plaintiff shall have up to twenty-one (21) days to consider and accept the terms of this Agreement before fully executing it. During this twenty-one (21) day period and before signing this Agreement, Plaintiff is encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at his own expense. The terms and provisions of this Agreement are null and void if not accepted by Plaintiff within the twenty-one (21) day period. Plaintiff may sign the Agreement prior to the conclusion of the twenty-one (21) day period. The Parties agree that any changes to this Agreement during the 21-day consideration period does not restart said 21-day period.
>
>(B) **Release of Age Discrimination in Employment Act Claims.** By signing this Agreement, Plaintiff waives any claims he has or might have against Defendants under the Age Discrimination in Employment Act ("ADEA"), as amended by the Older Workers Benefit Protection Act, 29 U.S.C. § 621, et seq., that accrued prior to the date of Plaintiff's execution of the Agreement., and is not waiving any rights arising after the date that this Agreement is signed;
>
>(C) **Revocation Period.** Plaintiff shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying all Defendants in writing prior to the expiration of the seven (7) calendar day period. The written revocation must be delivered to Defendants at the following addresses:

5 of 8

F AB Florencio Alvarenga Barahona

SL Ozzy's Cleaning Services, LLC
PM Soho House Beach House, LLC
SL Sandro L. Guerra

FOR SOHO:
Joyce Ackerbaum Cox
Baker Hostetler
200 S. Orange Avenue, Suite 2300
Orlando, FL 32801

FOR OZZY'S AND GUERRO:
Danielle Cohen
Cohen Law
2030 South Douglas Road, Ste. 204
Coral Gables, FL 33134

 (D) The Plaintiff further acknowledges that he:
  1) has carefully read and fully understands all of the terms of this Agreement;

  2) knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

  (3) knowingly and voluntarily agrees to be legally bound by this Agreement;

  (4) is receiving consideration in addition to anything of value to which he is already entitled;

  (5) is hereby advised in writing to consult with an attorney prior to signing this Agreement and has consulted with his attorney, Rivkah Jaff; and

  (6) has not been coerced, threatened, or intimidated in any way into signing this Agreement.

This Agreement shall not become effective or enforceable until the revocation period has expired.

 **13.** **Jurisdiction.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

*FAB* Florencio Alvarenga Barahona

*SL* Ozzy's Cleaning Services, LLC
*PM* Soho House Beach House, LLC
*SL* Sandro L. Guerra

14. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

15. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

16. **Enforcement.** In the event any action is commenced to enforce the Agreement, the prevailing party shall be entitled to reasonable fees and costs.

17. **Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence.

18. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

19. **Construction.** Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

20. **Headings.** The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

21. **Cooperation.** The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

22. **Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this

7 of 8

_FAB_ Florencio Alvarenga Barahona

_SL_ Ozzy's Cleaning Services, LLC
_PM_ Soho House Beach House, LLC
_SL_ Sandro L. Guerra

Agreement. <u>TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA ÉL POR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.</u>

FLORENCIO ALVARENGA BARAHONA

By: _____
FLORENCIO ALVARENGA BARAHONA
Date: 07-31-2017

OZZY'S CLEANING SERVICES, LLC

By: _____
Name:
Title:
Date: 07.31.2017

SOHO HOUSE BEACH HOUSE, LLC

By: _____
Name: Pete McKee
Title: CFO
Date: 7-28-17

SANDRO L. GUERRA

By: _____
SANDRO L. GUERRA
Date: 07.31.2017

F.AB Florencio Alvarenga Barahona

SL Ozzy's Cleaning Services, LLC
PM Soho House Beach House, LLC
SL Sandro L. Guerra